## CIRCUIT COURT OF THE CITY OF RICHMOND

Barbara Ann Mahanes

v.

Henry Clay Mahanes, Jr.

March 3, 1994

Case No. HD-824-4

BY JUDGE RANDALL G. JOHNSON

The sole questions to be determined in this divorce proceeding are whether the wife is entitled to receive any money from the sale of the parties' marital abode and whether she is entitled to attorney's fees.

With respect to the first question, the wife concedes that the property is separate property, it having been conveyed to the husband by the husband's father prior to the parties' marriage. She also does not claim that any commingling or transmutation of the property took place after the marriage, such that the property lost is separate character. Instead, the wife claims entitlement to one-half of the amount by which the property increased in value from the time of the parties' marriage until the date of their separation. The total of such increase, according to the wife, is $11,500, making the wife's alleged entitlement $5,750. I find that no such entitlement exists.

Virginia Code § 20–107.3(A)(3) provides, in pertinent part:

> The court shall classify property as part marital property and part separate property as follows:
>
> a. In the case of income received from separate property during the marriage, such income shall be marital property only to the extent it is attributable to the personal efforts of either party. In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the

> personal efforts of either party have contributed to such in-
> creases, provided that any such personal efforts must be sig-
> nificant and result in substantial appreciation of the separate
> property.
>
> For purposes of this subdivision, the nonowning spouse
> shall bear the burden of proving that (i) contributions of mari-
> tal property or personal effort were made and (ii) *the separate
> property increased in value.*

Emphasis added.

I find that the wife has failed to make the threshold showing that the subject property increased in value.

The parties were married in July, 1978. At that time, the property was assessed for tax purposes at $23,500.[1] At that same time, there was a mortgage lien against the property in the amount of $9,000, giving the property an equity value of $14,500. When the property was sold in March, 1991, it sold for $39,500, considerably more than its 1978 value. However, the mortgages on the property at the time of sale had increased to $29,355, meaning that the property's equity value was only $10,145, a decrease of more than $4,000 from its equity value in 1978. The same mortgages were also on the property in 1987 when the parties separated. Because it is the equity value of property which matters under § 20–107.3(A)(3)(a) and because the equity value of the marital abode in this case actually decreased, plaintiff is entitled to no part of the sales proceeds.

While there may be cases in which the equity value of property is deceiving, as for example, where the proceeds of a note secured by a deed of trust benefit only one party, this is not such a case. The evidence is that the parties jointly borrowed $34,680 in 1979, and there is no evidence that such proceeds were not for both parties' benefit.

The court also denies the wife's request for attorney's fees. The evidence shows that the parties have essentially identical incomes and have paid their attorneys substantially equal amounts. While the husband has received the proceeds of selling his house, that fact alone is

---

[1] The husband objects to the use of tax assessments as evidence of value and cites *Smith v. Woodlawn Construction Co.*, 235 Va. 424, 368 S.E.2d 699 (1988), to argue that such assessments may not be used. While the court disagrees with the husband's interpretation of *Smith*, the court's holding in the case at bar makes it unnecessary to decide that issue here.

not sufficient to award attorney's fees to the wife. In short, the evidence simply does not support such an award.